MEMORANDUM ***
Clay Roselle appeals pro se from the district court’s judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his Fourth, Sixth and Fourteenth Amendment rights during the course of a civil forfeiture action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Orff v. United States, 358 F.3d 1137, 1142 (9th Cir.2004) (sovereign immunity); Hernandez v. Spacelabs Med., Inc., 343 F.3d 1107, 1112 (9th Cir.2003) (statute of limitations). We affirm.
The district court properly dismissed the claims against the federal defendants because the government did not waive its sovereign immunity. See Orff, 358 F.3d at 1142 (“It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued.”) (citation omitted).
The district court properly granted summary judgment for defendant Scott because the claims against him are time-barred. See Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 828 (9th Cir.2003) (“The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state’s statute of limitations for personal injury actions.”); Mont.Code Ann. § 27-2-204(1) (statute of limitations governing personal injury actions is three years).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.